IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: MOTION TO UNSEAL COURT RECORDS ) ) ) CIVIL BEAT LAW CENTER FOR THE ) PUBLIC INTEREST, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA; ) YVONNE CAITANO; SHEENA STRONG; ) THERESA SALTUS; ERNEST BADE; ) MARIE BENEVIDES, ) ) Respondents. ) ) | MISC. No. 19-00282 HG-WRP |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST'S MOTION TO UNSEAL COURT RECORDS (ECF No. 1)**

**DOCUMENTS UNSEALED:**
**(1) November 6, 2018 Letter From Kevin K. Kurohara, M.D.**
**(2) November 9, 2018 Letter From William G. Herrera, M.D.**
**(3) January 10, 2019 Letter From William G. Herrera, M.D.**
**(4) May 27, 2019 Letter From Chinmoy Gulrajani, M.D.**

**DOCUMENT UNSEALED WITH REDACTIONS:**
**(5) May 27, 2019 Psychiatric Evaluation By Chinmoy Gulrajani, M.D.**

Petitioner Civil Beat Law Center for the Public Interest seeks to unseal court records relating to the mental competency evaluation of Ernest Bade in <u>United States v. Ernest Bade; Yvonne Caitano; Sheena Strong; Marie Benevides; Theresa Saltus</u>, <u>18-cr-00167 HG</u>.

Ernest Bade was charged with one count of conspiracy to

1

unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and forty counts of unlawfully distributing and dispensing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On January 31, 2019, Ernest Bade, through his attorney Federal Public Defender Peter Wolff, filed a MOTION FOR COMPETENCY EVALUATION with Exhibits A, B, and C in support of the Motion. (ECF Nos. 76 and 80). He also filed an EX-PARTE MOTION TO SEAL EXHIBITS A-C IN SUPPORT OF MOTION FOR COMPETENCY EVALUATION. (ECF No. 77).

On February 1, 2019, the Magistrate Judge granted Bade's Motion to Seal Exhibits A-C. (ECF No. 79).

On March 6, 2019, the District Court Judge granted Bade's Motion for Competency Evaluation. (ECF No. 89).

On March 28, 2019, the Court issued an ORDER GRANTING DEFENDANT ERNEST BADE'S MOTION FOR COMPETENCY EVALUATION. (ECF No. 91). Dr. Chinmoy Gulrajani, M.D., was appointed to conduct a competency evaluation of Ernest Bade. (Id.)

On June 5, 2019, the Court received a letter from Dr. Gulrajani with his attached Psychiatric Evaluation of Ernest Bade pursuant to 18 U.S.C. § 4241. (ECF No. 103). The letter and Psychiatric Evaluation were filed under seal.

On June 6, 2019, the Court held a competency hearing. (ECF No. 104).

On June 19, 2019, the Court issued an ORDER FINDING ERNEST

BADE INCOMPETENT TO STAND TRIAL. (ECF No. 105).

Petitioner Civil Beat Law Center for the Public Interest filed a Motion in this case seeking to unseal the records the Court relied upon in declaring Dr. Bade incompetent to stand trial. In particular, the request is to unseal the Psychiatric Evaluation by Dr. Gulrajani and three letters from Bade's treating doctors, attached as Exhibits A, B, and C to Defendant Bade's Motion for Competency Evaluation filed on January 31, 2019.

Ernest Bade opposed Petitioner's Motion to Unseal.

The Government filed a Statement of No Position. None of Bade's co-defendants filed any response to Petitioner's Motion.

On September 17, 2019, the Court held a hearing on Petitioner's Motion. The Court ordered the Federal Public Defender to submit his proposed redactions to the sealed exhibits and the Psychiatric Evaluation for <u>in camera</u> review. The Court has reviewed the proposed redactions.

Petitioner's Motion to Unseal is **GRANTED, IN PART, and DENIED, IN PART.**

The Court agrees with Defendant Bade's proposed redacted version of the Psychiatric Evaluation from Dr. Gulrajani, Dr. Gulrajani's letter, and the three letters from Bade's treating doctors, attached as Exhibits A, B, and C to Defendant Bade's Motion for Competency Evaluation filed on January 31, 2019. They are unsealed.

3

**PROCEDURAL HISTORY**

On July 25, 2019, Petitioner Civil Beat Law Center for the Public Interest filed a MOTION TO UNSEAL COURT RECORDS. (ECF No. 1).

On July 26, 2019, the Court issued a briefing schedule. (ECF No. 5).

On August 5, 2019, Respondent Ernest Bade filed RESPONDENT ERNEST BADE'S RESPONSE TO MOTION TO UNSEAL COURT RECORDS. (ECF No. 6).

On August 12, 2019, Respondent United States of America filed GOVERNMENT'S STATEMENT OF NO POSITION. (ECF No. 7).

Respondents Yvonne Caitano, Sheena Strong, Theresa Saltus, and Marie Benevides did not file any response to the Petitioner's Motion.

On August 26, 2019, Petitioner filed its REPLY TO ERNEST BADE'S RESPONSE AND IN FURTHER SUPPORT OF MOTION TO UNSEAL COURT RECORDS. (ECF No. 8).

On September 17, 2019, the Court held a hearing on Petitioner's Motion. (ECF No. 9). The Court ordered the Federal Public Defender to submit for <u>in camera</u> review his proposed redactions to the Psychiatric Evaluation conducted by Dr. Gulrajani and his letter along with treating doctors' letters A, B, and C.

On September 23, 2019, the Federal Public Defender submitted his proposed redactions to the psychiatric evaluation conducted

by Dr. Gulrajani.

On the same date, the Federal Public Defender submitted a letter to the Court stating that he did not propose any redactions to Exhibits A through C. (ECF No. 10).

## STANDARD OF REVIEW

The United States Supreme Court has recognized both a common law right and a First Amendment right of public access to judicial proceedings and records. See United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1192 (9th Cir. 2011) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984) ("Press-Enterprise I"); Press-Enterprise Co. v. Superior Ct., 478 U.S. 1, 8 (1986) ("Press-Enterprise II)").

**First Amendment Right Of Access To Judicial Proceedings**

The United States Supreme Court's two-part "experience" and "logic" test determines whether there is a First Amendment right of public access to a particular kind of hearing. United States v. Guerrero, 693 F.3d 990, 1000 (9th Cir. 2012); see United States v. Index Newspapers LLC, 766 F.3d 1072, 1084 (9th Cir. 2014).

First, the "experience" prong considers whether the place and process have historically been open to the press and general public across the United States. Press-Enterprise II, 478 U.S.

at 8.

Second, the "logic" prong considers whether public access plays a significant positive role in the functioning of the particular process in question. Id.

The public have a presumed First Amendment right of access to court proceedings and documents if the hearing passes the two-part experience and logic test. Oregonian Publ'g. Co. v. U.S. Dist. Ct. for Dist. of Ore., 920 F.2d 1462, 1465 (9th Cir. 1990).

The First Amendment right of public access is still a qualified right and the presumption of openness may be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise I, 464 U.S. at 510.

**Common Law Right Of Public Access To Judicial Proceedings**

There is a strong presumption in support of the common law right to public access. Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev., 798 F.2d 1289, 1294 (9th Cir. 1986). The presumption, however, "is not absolute, and is not entitled to the same level of protection accorded a constitutional right." San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. Ca., 187 F.3d 1096, 1102 (9th Cir. 1999). The court must weight the interests of the parties in light of the public interest and the duty of the courts. Valley Broad. Co., 798 F.2d at 1294.

If either the common law right of public access or the First

Amendment right of public access applies to the proceedings at issue, the Court must determine whether any such right is outweighed by a compelling interest.  In re Copley Press, Inc., 518 F.3d 1022, 1026 (9th Cir. 2008).

## ANALYSIS

Petitioner Civil Beat Law Center for the Public Interest seeks to unseal records that contain Ernest Bade's private information relating to the mental competency evaluation in 18-cr-00167 HG-01.

### I. First Amendment Right Of Public Access To Competency Proceedings

In United States v. Guerrero, 693 F.3d 990, 1000 (9th Cir. 2012), the Ninth Circuit Court of Appeals reviewed whether there is a qualified First Amendment Right to public access to a defendant's mental competency proceeding.

The appellate court applied the two-part experience and logic test.  First, it held that the experience prong was satisfied because competency proceedings of a criminal defendant have been historically open to the public.  Id. at 1001.  Second, the appeals court explained that competency proceedings satisfy the logic element because a court's decision on whether a defendant is able to understand the nature of the proceedings against him and whether he is able to assist counsel in his defense is a critical part of the criminal process.  Id.  The

7

Ninth Circuit Court of Appeals reasoned that "[a]llowing public access to a competency hearing permits the public to view and read about the criminal justice process and ensure that the proceedings are conducted in an open, objective, and fair manner." Id.

The appellate court explained that the First Amendment right to public access to a criminal defendant's competency proceedings must be balanced against the individual rights of the accused. Id. at 1002. The presumption of public access to the competency proceeding may be overcome by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting Press-Enterprise I, 464 U.S. at 510).

The Ninth Circuit Court of Appeals explained that limiting public access to competency proceedings may be ordered if: (1) limiting access serves a compelling interest; (2) there is a substantial probability that, in the absence of the limitation, the compelling interest would be harmed; and (3) there are no alternatives to limiting access that would adequately protect the compelling interest. Guerrero, 693 F.3d at 1002.

In this case, there is a First Amendment Right for the public to access records relating to Ernest Bade's competency. Bade argues that the public's access should be overcome given his individual interest in his private medical information contained in the records.

## II. First Amendment Right Balanced Against Individual's Interest In Private Medical Information

The United States Supreme Court has not definitively answered whether there is a constitutional right to privacy of one's personal medical information. See Nat'l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 147 n.10 (2011); In re Motion to Unseal Court Records, Misc. No. 18-cv-00477 JMS-RLP, 2019 WL 1495248, *2 (D. Haw. Apr. 4, 2019). A number of federal Circuit Courts, however, have recognized such a right. Anderson v. Romero, 72 F.3d 518, 522 (7th Cir. 1995) (collecting cases); Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) (explaining that the Third Circuit has "long recognized the right to privacy in one's medical information").

The Ninth Circuit Court of Appeals has addressed a defendant's privacy rights in the context of mental competency hearings in two cases: United States v. Guerrero, 693 F.3d 990 (9th Cir. 2012) and United States v. Kaczynski, 154 F.3d 930 (9th Cir. 1998). In both cases, the appellate court recognized a defendant's right to privacy in their medical records and held that their rights must be balances with the public's legitimate interest in access to their competency proceedings.

In both cases, the Ninth Circuit Court of Appeals held that redactions, rather than a complete bar to access, were proper alternatives when a balancing the individual's privacy rights with the First Amendment right to public access. Guerrero, 693

F.3d at 1003; Kaczynski, 154 F.3d at 932.

Recently, in this District, Chief Judge Seabright ruled that the public had a right to view a criminal defendant's competency evaluation, but that the evaluation was subject to redaction pursuant to Guerrero and Kaczynski. In re Motion to Unseal Court Records in United States v. Katherine Kealoha, Misc. No. 18-00477 JMS-RLP, 2019 WL 1495248, at *3 (D. Haw. Apr. 4, 2019). The Chief District Judge ruled that redaction was required to preserve the defendant's medical privacy, attorney-client privilege, and Sixth Amendment right to a fair trial. Id. at *4.

### III. Balancing Petitioner's First Amendment Right To Public Access Against The Individual's Privacy Interests

Petitioner seeks to unseal two sets of documents.

First, Petitioner seeks to unseal the Letter and Psychiatric Evaluation of Bade by Dr. Chinmoy Gulrajani, M.D.

Second, Petitioner seeks to unseal treating doctors' letters A, B, and C that were attached to the Motion for Competency Evaluation filed by the Federal Public Defender on Ernest Bade's behalf. The exhibits are each single page letters from two of Bade's treating physicians that contain information about Bade's medical condition, regimen of treatment, and prognosis.

There is a public interest present in this case given the Court's finding that Bade is incompetent to stand trial. The public right to access was preserved during the hearing on Bade's mental competency as the proceedings were open to the public.

The right was also ensured as the order finding Bade incompetent to stand trial was not sealed.

The only sealed information in this case relates to the documents from Bade's treating physicians and Dr. Gulrajani who conducted the Psychiatric Evaluation. The need to protect medical privacy may qualify as a compelling reason to overcome the presumption of public access. G. v. Hawaii, Civ. Nos. 08-551, 09-00044 ACK-BMK, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (citing cases).

Petitioner relies on the case involving Ted Kaczynski, the notorious "Unabomber", to argue that the entirety of the Psychiatric Evaluation for Bade should be unsealed and available to the public. In Kaczynski, the appellate court found that there was a high level of public interest in the psychiatric evaluation due to the nature of the charged crimes and due to the public's interest in learning "Kaczynski's motivation for committing the Unabomber crimes." 154 F.3d at 931. The appeals court found that the district court properly balanced the public's interest in accessing the psychiatric report with Kaczynski's own privacy interests. The court recognized the level of public interest was high given the nature of the targeted violence present in the case. The appellate court found, however, that some redaction of the psychiatric report was appropriate given Kaczynski's own privacy interests. The Ninth Circuit Court of Appeals found that it was appropriate to redact

information from the report regarding third parties and information that had little relationship to Kaczynski's competency or motivation for committing the Unabomber crimes. Id. at 932.

This case presents an issue with a high level of public interest. Dr. Bade was charged in the Indictment in 18-cr-00167 HG-01 in a large conspiracy to distribute opioids, including hyrdrocodone, oxycodone, and fentanyl. The opioid epidemic is a topic of wide public interest and this case has received significant coverage in the media.

The Court follows the standards set forth in Kaczynski and Guerrero. The Court finds the letter from Dr. Gulrajani and the three letters from Dr. Bade's treating physicians (letters A, B, and C) are suitable for unsealing. The Court finds that the Psychiatric Evaluation by Dr. Gulrajani is subject to disclosure with redactions. It is necessary to redact information in the Psychiatric Evaluation that is private and unnecessary to assist the public in understanding the basis for the finding of incompetency.

This case is distinguishable from Kaczysnki, Guerrero, and Kealoha in that Dr. Bade was found incompetent and will not go to trial. Disclosure of private information concerning Dr. Bade to the public does not implicate his Sixth Amendment Right to a fair trial based on the finding of incompetence.

This case is also distinguishable from Kealoha as there is

no attorney-client information presented in the psychiatric report and the report has already been made available to the Government.

The Court does find that maintaining the privacy of medical information is an important individual right, not only in this case, but in criminal cases as a whole. Private medical information in criminal cases is often presented to the Court as a matter relevant to sentencing. Such information is necessary for the Court's evaluation of the sentencing factors set forth in 18 U.S.C. § 3553(a) and to provide the Bureau of Prisons with information relevant to ensure appropriate care for the prisoner. Without the protection of the privacy of such information, criminal defendants may withhold vital, medical information in fear of its disclosure to the public. The need to ensure that private medical information of criminal defendants is protected is important. Private medical information presented in competency proceedings has a more complicated analysis given that the medical information provides the basis for the Court's competency determination.

In this case, the Court finds it appropriate to disclose the relevant medical information that is the basis for the ruling that Bade is incompetent to stand trial. The public interest in such information overrides Bade's general objection to the unsealing of medical information. The public, however, is not entitled to view all medical information contained in the

Psychiatric Evaluation.  Some of the medical information in the report is irrelevant to Dr. Gulrajani's opinion as to Bade's competency.  Such information is provided in the report for purposes of patient history and for completeness of Dr. Gulrajani's examination.

There is additional private information in the Psychiatric Evaluation that does not require public disclosure.  The Ninth Circuit Court of Appeals explained in Kaczynski that private information in a psychiatric evaluation relating to third-parties, such as the names of the defendant's relatives, is irrelevant to the Court's determination of competency and should be protected from disclosure.  Kaczynski, 154 F.3d at 931.

The Court finds that redaction of the Psychiatric Evaluation is appropriate in order to balance the Petitioner's First Amendment right to public access and Bade's individual privacy interests.

The Court agrees with the proposed redactions to the psychiatric evaluation submitted in camera by the Federal Public Defender.  The redactions allow the public to have access to relevant medical information that formed the basis of the Court's finding of incompetency, including observations and tests conducted by the psychiatrist.  Such information is relevant for the public to obtain information bearing on the workings of the criminal justice system.  Kaczynski, 154 F.3d at 932.

**CONCLUSION**

Petitioner's Motion to Unseal Court Records in 18-cr-00167 HG-01 is **GRANTED, IN PART, AND DENIED, IN PART.**

The Court unseals the treating doctors' letters A, B, and C (ECF No. 80) and Dr. Chinmoy Gulrajani's May 27, 2019 Letter, and the redacted version of the Psychiatric Evaluation from Dr. Chinmoy Gulrajani (ECF No. 103).

IT IS SO ORDERED.

DATED: October 15, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

In re: Motion to Unseal Court Records, Misc. No. 19-00282 HG-WRP; **ORDER GRANTING, IN PART, AND DENYING, IN PART, CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST'S MOTION TO UNSEAL COURT RECORDS (ECF No. 1); DOCUMENTS UNSEALED: FOUR DOCTORS' LETTERS; DOCUMENT UNSEALED WITH REDACTIONS: PSYCHIATRIC EVALUATION**