IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00167 HG-02 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| YVONNE CAITANO, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 208)**

Defendant Yvonne Caitano requests reconsideration of the Court's September 29, 2020 Order denying her Motion for Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's Motion for Reconsideration (ECF No. 208) is **DENIED**.

### STANDARD OF REVIEW

Defendant brings the present motion for reconsideration pursuant to District of Hawaii Local Rule 60.1.  The Local Rule provides three grounds justifying reconsideration:

(a)  Discovery of new facts not previously available;

(b)  Intervening change in law; and/or,

1

(c)   Manifest error of law or fact.

District of Hawaii Local Rule 60.1.

A motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. United States v. Rodrigues, 16-cr-00529 DKW-01, 2020 WL 5634310, *1 (D. Haw. Sept. 21, 2020) (citing Na Mamo O 'Aha 'Ino v. Galiher, 60 F.Supp.2d 1058, 1059 (D. Haw. 1999)).

Motions for reconsideration are disfavored and the district court has discretion to grant or deny such a motion. Id.

## PROCEDURAL HISTORY

On September 29, 2020, the Court issued an ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 206).

On October 30, 2020, Defendant filed a DEFENDANT YVONNE CAITANO'S MOTION FOR RECONSIDERATION OF DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 208).

On November 5, 2020, the Court issued a briefing schedule. (ECF No. 209).

On December 2, 2020, the Government filed its Opposition to Defendant's Motion for Reconsideration. (ECF No. 212).

On January 4, 2021, Defendant filed a Supplemental Declaration. (ECF No. 223). The Declaration indicated that Defendant Caitano had contracted COVID-19.

On the same date, the Court ordered the Government to file a Response and contact the Bureau of Prisons ("BOP") facility and provide Defendant's current medical status to the Court. (ECF No. 224).

On January 19, 2021, the Government filed its Response and Defendant's current medical records. (ECF Nos. 226 and 229).

## ANALYSIS

Defendant's motion for reconsideration is premised on discovery of new facts that she claims were not previously available. District of Hawaii Local Rule 60.1(a).

### I. Defendant's November 7, 2019 Medical Records And The July 30, 2020 Letter Were Previously Available

Defendant asserts that her Motion for Compassionate Release failed to include outdated medical records from November 7, 2019, indicating that she has a body mass index of "35.0-35.9". (Motion at p. 4, ECF No. 208). The November 7, 2019 records were available to the Defendant and not provided to the Court by the Defendant prior to the Court's September 29, 2020 ruling, therefore do not form a basis for reconsideration.

Even if the Court considered the records, they do not alter the analysis. In its September 29, 2020 Order, the Court

considered Defendant's claim that obesity supported her request for compassionate release. The Court found that her April 2020 medical records reflected that she was obese and had a body mass index of 37.4. (Order at p. 14, ECF No. 206). The Court evaluated the entirety of the factors presented in her Motion, including her age and medical conditions along with the Section 3553(a) factors, and properly rejected her request for compassionate release.

Defendant's Motion for Reconsideration also cites to a July 30, 2020 letter from an Assistant United States Attorney in a case before the District of Maryland. The letter is not previously unavailable and is irrelevant to the Defendant's case here.

Finally, Defendant cites to the Centers for Disease Control's ("CDC") website. The information on the CDC's website provided by the Defendant is not materially different than was specifically cited by the Court in its September 29, 2020 Order.

None of the records cited by the Defendant provide a basis for reconsideration.

**II. Defendant Has Contracted And Recovered From COVID-19**

Defendant also seeks reconsideration on the basis that she contracted COVID-19 after the Court issued its Order of September 29, 2020.

Defendant's BOP medical records reflect that Defendant

tested positive for COVID-19 on December 28, 2020.  (Ex. A, attached to Govt.'s Supp. Response, at p. 2, ECF No. 229). Defendant did not have any severe symptoms, and she had a normal temperature without requiring medication.  (Id. at pp. 2, 4-7). Defendant's only negative symptom was a headache on December 29, 2020, which was treated with Ibuprofen.  (Id. at p. 7). Defendant was deemed asymptomatic as of January 4, 2021.  (Id. at p. 5).  Defendant was released from the 14-day quarantine on January 11, 2021.  (Id. at p. 2).

Little is understood about the possibility of COVID-19 re-infection, however, the fact that Defendant has already contracted COVID-19 and recovered counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release.  United States v. Ofa, Crim. No. 17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020).  Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered.  United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov, 460 F.Supp.3d 450, 454 (S.D.N.Y. May 18, 2020).

Courts have also determined that contracting and recovering from COVID-19 does not provide a basis for reconsideration of an order denying compassionate release.  United States v. Rodrigues, 16-cr-00529 DKW-01, 2020 WL 5634310, *2-*3 (D. Haw. Sept. 21, 2020).

**III. Section 3553(a) Factors**

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

Defendant's Motion for Reconsideration ignores the Court's analysis of the Section 3553(a) factors.  There is no basis for reconsideration of the Court's Order denying her Motion pursuant to the Section 3553(a) factors.  Defendant's immediate release would not adequately reflect the seriousness of the offense, would not properly deter similar criminal conduct, and would not protect the public.  The factors in Section 3553(a) do not support the immediate release of the Defendant.

## CONCLUSION

Defendant's Motion for Reconsideration (ECF No. 208) is **DENIED**.

IT IS SO ORDERED.

Dated: January 22, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>United States v. Yvonne Caitano</u>, Crim. No. 18-00167 HG-02; **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 208)**