IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00167 HG-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YVONNE CAITANO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S THIRD MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 264)**

Defendant is currently incarcerated at the Carswell Federal Medical Center in Texas and with a projected release date of June 30, 2024.

On June 2, 2020, Defendant Caitano, proceeding pro se, filed her First Motion for Compassionate Release. (ECF No. 187).

On June 4, 2020, the District Court denied her First Motion for Compassionate Release, without prejudice, due to her failure to exhaust her administrative remedies. (ECF No. 188).

On July 10, 2020, Defendant, with the assistance of counsel, filed her Second Motion for Compassionate Release. (ECF No. 193).

On September 29, 2020, the District Court issued an Order Denying her Second Motion for Compassionate Release. (ECF No. 206).

On October 30, 2020, Defendant filed a Motion for

1

Reconsideration of the Court's Order Denying Her Second Motion for Compassionate Release. (ECF No. 208).

On January 22, 2021, the District Court issued an Order Denying Defendant's Motion for Reconsideration. (ECF No. 230).

Defendant appealed the Court's Order Denying Reconsideration to the Ninth Circuit Court of Appeals.

While the appeal was pending, on August 10, 2021, Defendant filed a Third MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 264).

On September 17, 2021, the Government filed its Opposition to Defendant's Third Motion for Compassionate Release. (ECF No. 266).

Three days later, on September 20, 2021, the Ninth Circuit Court of Appeals issued an Order affirming the District Court's denial of Defendant Caitano's Second Motion for Compassionate Release and her Motion for Reconsideration of the District Court's Order. (ECF No. 271).

On September 28, 2021, Defendant filed her Reply in support of her Third Motion for Compassionate Release. (ECF No. 272).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's Third MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 264) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
>    (i)  extraordinary and compelling reasons warrant
>         such a reduction;
> ...

3

>           and that such a reduction is consistent with
>           applicable policy statements issued by the
>           Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Government argues that Defendant Caitano has not exhausted her remedies with the BOP prior to filing her Third Motion for Compassionate Release. (Gov't Opp. at pp. 8-9, ECF No. 266). In response, Defendant Caitano states in her Reply that she provided a written request for compassionate release to the warden on July 1, 2021. (Def.'s Reply at p. 1, ECF No. 272). She states that because she received no response, she submitted another request on August 3, 2021, which was marked received on August 10, 2021. (Id.) Defendant Caitano claims that she had not received a response to these requests.

Defendant Caitano attached a copy of the written request she claims she submitted on August 3, 2021, but there is no evidence that it was submitted to the BOP. (ECF No. 272-1 at p. 4). The Court need not determine whether Defendant Caitano's statements

4

are sufficient to establish that she adequately exhausted her administrative remedies for purposes of 18 U.S.C. § 3582, because Defendant Caitano's Third Motion for Compassionate Release fails on its merits.

   B.   **Merits of Defendant's Request for Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

## CRIMINAL HISTORY

The Court set out the lengthy procedural history for Defendant Caitano's convictions in its September 29, 2020 Order Denying Defendant's Second Motion for Compassionate Release. (ECF No. 206).

## ANALYSIS

On September 29, 2020, the District Court issued a written order Denying Defendant Caitano's Second Motion for Compassionate Release.  (ECF No. 206).

Defendant filed a Motion for Reconsideration of that Order, which was denied on January 22, 2021. (ECF No. 230).

Defendant filed a Notice of Appeal to the Ninth Circuit Court of Appeals. While the appeal was pending, Defendant filed her Third Motion for Compassionate Release.

Prior to completion of the briefing on her Third Motion for Compassionate Release before the District Court, the Ninth Circuit Court of Appeals affirmed the District Court's Order Denying Defendant's Second Motion for Compassionate Release and its Order Denying Defendant's Motion for Reconsideration. (ECF No. 271).

Defendant's Third Motion for Compassionate Release does not provide a basis to alter the District Court's prior analysis that resulted in the denial of her Second Motion for Compassionate Release and the denial of her Motion for Reconsideration, both of which were affirmed by the Ninth Circuit Court of Appeals.

This is Defendant Caitano's Third Motion for Compassionate Release since she began her period of incarceration less than two years ago on March 31, 2020.

I.  **Medical Condition**

Defendant Caitano is 57 years old. Defendant is currently incarcerated at the Carswell Federal Medical Center in Texas. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration. United States v. Greenhut, 2020 WL 509385, *1

(C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,    F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

Defendant Caitano's Third Motion for Compassionate Release repeats previous arguments regarding her medical history that the District Court previously rejected.  (Sept. 29, 2020 Order Den. Second Mot. for Compassionate Release, at pp. 12-16, ECF No. 206).  The District Court was affirmed by the Ninth Circuit Court of Appeals.  (Ninth Circuit Court of Appeals Mem., ECF No. 271).

A review of Defendant's medical records reflects a possible new diagnosis of paroxysmal atrial fibrillation (irregular heartbeat) in February 2021.  (Ex. A to Gov't Opp. at p. 24, ECF No. 270).

Defendant is prescribed Metoprolol Succinate XL, Losartan, and Apixaban for her atrial fibrillation. (Id. at p. 23). The BOP scheduled a follow up examination in May 2021 and ordered a Holter Monitor for her irregular heartbeat. (Id. at p. 13). A follow-up appointment was scheduled to continue monitoring Defendant's irregular heartbeat. (Id.)

The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. Conditions that can be managed in prison are not a basis for compassionate release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020).

Defendant has refused the COVID-19 vaccine, but she has already contracted and recovered from COVID-19. Defendant's only symptom was a headache and she did not have any severe symptoms. Defendant's risk of symptomatic re-infection given her prior COVID-19 diagnosis and recovery is greatly diminished and counsels against a finding of extraordinary and compelling reasons to grant compassionate release. United States v. Sanchez, Crim. No. 13-00513 JMS-02, 2021 WL 3409186, at *5 (D. Haw. Aug. 4, 2021).

II. Section 3553(a) Factors and Defendant's History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a

danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A).

Relevant Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

In the Court's September 29, 2020 Order, the Court found that immediate release was not appropriate considering the Section 3553(a) factors.  (Sept. 29, 2020 Order at 16-19, ECF No. 206).  The Ninth Circuit Court of Appeals affirmed the Court's Section 3553(a) analysis, explaining that "the [district] court reasonably weighed the § 3553(a) factors" and found that "[Defendant's] immediate release would not adequately reflect the seriousness of the offense, deter similar criminal conduct, or protect the public."  (Ninth Circuit Court of Appeals Mem. at p. 2, ECF No. 271).

As it did in its September 29, 2020 Order, the Court finds that the nature and circumstances of Defendant's offenses weigh in favor of her 60-month sentence.  (Sept. 29, 2020 Order at p. 18-19, ECF No. 206).  Defendant has not shown any changes that merit a different Section 3553(a) analysis.  As of Defendant's filing of her Third Motion for Compassionate Release, Defendant has only served approximately 26% of her sentence.  Immediate release of the Defendant is not appropriate.

9

### III. Summary of Medical Conclusion and Section 3553(a) Factors

Defendant has not established a basis for compassionate release for medical reasons. The record does not demonstrate that Defendant is suffering from a terminal health condition or a condition that substantially interferes with her ability to provide self-care while incarcerated. The record demonstrates that Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant has not established that her immediate release is warranted pursuant to the Section 3553(a) factors. The Section 3553(a) analysis has not changed since the Court's September 29, 2020 Order denying Defendant Caitano's second Motion for Compassionate Release. The Ninth Circuit Court of Appeals affirmed the Court's reasoning pursuant to Section 3553(a). (Ninth Circuit Court of Appeals Mem. at p. 2, ECF No. 271).

The factors in Section 3553(a) do not support the immediate release of the Defendant.

//
//
//
//
//
//
//
//

CONCLUSION

Defendant's Third Motion to Reduce Sentence Under the First Step Act (ECF No. 264) is **DENIED**.

IT IS SO ORDERED.

Dated: November 23, 2021, Honolulu, Hawaii.

*[Signature]*
Helen Gillmor
United States District Judge