IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00167 HG-02 |
| Plaintiff, | ) | |
| vs. | ) | |
| YVONNE CAITANO, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S FOURTH MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 275)**

Defendant Yvonne Caitano is currently incarcerated at the Federal Detention Center in Honolulu and with a projected release date of June 30, 2024.

On June 2, 2020, Defendant Caitano, proceeding pro se, filed her First Motion for Compassionate Release. (ECF No. 187).

On June 4, 2020, the District Court denied her First Motion for Compassionate Release. (ECF No. 188).

On July 10, 2020, Defendant, with the assistance of counsel, filed her Second Motion for Compassionate Release. (ECF No. 193).

On September 29, 2020, the District Court issued an Order Denying her Second Motion for Compassionate Release. (ECF No. 206).

On October 30, 2020, Defendant filed a Motion for Reconsideration of the Court's Order Denying Her Second Motion

1

for Compassionate Release.  (ECF No. 208).

On January 22, 2021, the District Court issued an Order Denying Defendant's Motion for Reconsideration.  (ECF No. 230).

Defendant appealed the Court's order denying Reconsideration to the Ninth Circuit Court of Appeals.

While the appeal was pending, on August 10, 2021, Defendant filed a Third Motion for Compassionate Release.  (ECF No. 264).

Three days later, on September 20, 2021, the Ninth Circuit Court of Appeals issued an Order affirming the District Court's denial of Defendant Caitano's Second Motion for Compassionate Release and her Motion for Reconsideration of the District Court's Order.  (ECF No. 271).

On November 23, 2021, the Court issued its Order Denying Defendant's Third Motion to Reduce Sentence.  (ECF No. 274).

On September 19, 2022, Defendant Caitano filed her FOURTH MOTION FOR COMPASSIONATE RELEASE.  (ECF No. 275).

On September 21 and 22, 2022, Defendant filed Supplements to her Fourth Motion.  (ECF Nos. 276 and 277).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's FOURTH MOTION FOR COMPASSIONATE RELEASE (ECF No. 275) is **DENIED.**

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified

2

by a district court except in limited circumstances.  <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>           and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## **SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant Caitano states that on August 15, 2022, she submitted a new request to the BOP for compassionate release. (ECF No. 275 at p. 2). Defendant did not provide a copy of the request, but the Court need not determine whether Defendant Caitano's statement is sufficient to establish that she adequately exhausted her administrative remedies for purposes of 18 U.S.C. § 3582, because Defendant Caitano's Fourth Motion for Compassionate Release fails on its merits.

### B.   Merits Of Defendant's Fourth Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by

the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

**CRIMINAL HISTORY**

The Court set out the lengthy procedural history for Defendant Caitano's convictions in its September 29, 2020 Order Denying Defendant's Second Motion for Compassionate Release. (ECF No. 206).

**ANALYSIS**

Defendant's Fourth Motion for Compassionate Release does not provide a basis to alter the District Court's prior analysis that denied her three Motions for Compassionate Release, one of which was appealed and affirmed by the Ninth Circuit Court of Appeals.

This is Defendant Caitano's Fourth Motion for Compassionate Release since she began her period of incarceration less than three years ago on March 31, 2020.

**I.   Medical Condition**

Defendant Caitano is 58 years old.  Defendant is currently incarcerated at the Federal Detention Center in Honolulu. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

Defendant has not provided medical records that support her Fourth Request for Compassionate Release. Defendant Caitano's Fourth Motion for Compassionate Release largely repeats the same arguments regarding her medical history that the District Court previously rejected. The District Court's Orders denying Defendant's Second Motion for Compassionate Release and Order Denying Her Motion for Reconsideration were affirmed by the Ninth Circuit Court of Appeals. (Sept. 29, 2020 Order Denying Second Motion for Compassionate Release, at pp. 12-16, ECF No. 206; Jan. 22, 2021 Order Denying Motion for Reconsideration, ECF No. 230; Sept. 20, 2021 Ninth Circuit Memorandum, ECF No. 271).

Defendant alleges a number of new medical conditions without providing supporting evidence. The record before the Court demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. Conditions that can be managed in prison are not a basis for compassionate release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020).

## II. Section 3553(a) Factors And Defendant's History and Characteristics

Even if Defendant Caitano provided evidence to demonstrate her medical condition constituted an extraordinary basis for compassionate release, the Court finds immediate release is not warranted pursuant to the Section 3553(a) factors. United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022) (explaining that a

6

district court may deny a motion for compassionate release based on evaluation of 18 U.S.C. § 3553(a) factors alone, citing United States v. Keller, 2 F.4th 1278, 1283-84 (9th Cir. 2021)).

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

In the Court's September 29, 2020 Order, the Court found that immediate release was not appropriate considering the Section 3553(a) factors.  (Sept. 29, 2020 Order at 16-19, ECF No. 206).  The Ninth Circuit Court of Appeals affirmed the Court's Section 3552(a) analysis, explaining that "the [district] court reasonably weighed the § 3553(a) factors" and found that "[Defendant's] immediate release would not adequately reflect the seriousness of the offense, deter similar criminal conduct, or protect the public."  (Ninth Circuit Court of Appeals Mem. Dis. at p. 2, ECF No. 271).

As it did in its September 29, 2020 Order, the Court finds that the nature and circumstances of Defendant's offenses weigh in favor of her 60-month sentence.  (Sept. 29, 2020 Order at p. at 18-19, ECF No. 206).  Defendant has not shown any changes that merit a different Section 3553(a) analysis.

## **CONCLUSION**

Defendant's Fourth Motion To Reduce Sentence Under The First Step Act (ECF No. 275) is **DENIED**.

IT IS SO ORDERED.

Dated: October 31, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Yvonne Caitano, Crim. No. 18-00167 HG-02; **ORDER DENYING DEFENDANT'S FOURTH MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 275)**